Case 8:20-cr-00358-PX   Document 1   Filed 10/21/20   Page 1 of 4

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND
10/21/2020
CLERK'S OFFICE
AT GREENBELT
BY KN, DEPUTY CLERK

GDB/LBG: USAO 2020R00450

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| v. | * | **CRIMINAL NO.** PX 20-cr-358 |
| | * | |
| **CLARK EUGENE THOMAS,** | * | **(Unlawful Possession of Unregistered** |
| | * | **Weapon Made From Rifle, 26 U.S.C.** |
| **Defendant** | * | **§ 5861(d); Possession of Firearms by** |
| | * | **Unlawful User of and Addict to a** |
| | * | **Controlled Substance, 18 U.S.C.** |
| | * | **§ 922(g)(3); Forfeiture, 18 U.S.C.** |
| | * | **§ 924(d), 21 U.S.C. § 853(p), 26 U.S.C.** |
| | * | **§ 5872(a), 28 U.S.C. § 2461(c))** |
| | * | |

*******

## INFORMATION

### COUNT ONE
**(Unlawful Possession of Unregistered Weapon Made From Rifle)**

The United States Attorney for the District of Maryland charges that:

On or about May 15, 2020, in the District of Maryland, the defendant,

**CLARK EUGENE THOMAS,**

knowingly possessed a firearm, as defined in 26 U.S.C. § 5845(a)(4) and 18 U.S.C. § 921(a)(3)—specifically, a sawed-off rifle with no visible serial number that constituted a weapon made from a rifle—that was not registered to the defendant in the National Firearms Registration and Transfer Record.

26 U.S.C. § 5861(d)

## COUNT TWO
### (Possession of Firearms by Unlawful User of and Addict to a Controlled Substance)

The United States Attorney for the District of Maryland further charges that:

On or about May 15, 2020, in the District of Maryland, the defendant,

**CLARK EUGENE THOMAS,**

knowing he was an unlawful user of and addicted to a controlled substance as defined in 21 U.S.C. § 802, knowingly possessed firearms—that is: (1) a sawed-off rifle with no visible serial number that constituted a weapon made from a rifle, (2) a New England Firearms 12-gauge shotgun bearing serial number NV256538, (3) a Western Auto Supply Revelation 220A rifle bearing serial number 13303, (4) a Western Field M650C shotgun bearing serial number D36220A, (5) a Winchester shotgun bearing serial number 435212, (6) a Remington 1100 shotgun bearing serial number M845532V, (7) a New England Firearms Pardner shotgun bearing serial number NX512529, and (8) a Stoeger P350 shotgun bearing serial number 520230—and the firearms were in and affecting commerce.

18 U.S.C. § 922(g)(3)

## FORFEITURE ALLEGATION

The United States Attorney for the District of Maryland further finds that:

1. Pursuant to Rule 32.2, Fed. R. Crim. P., notice is hereby given to the defendant that the United States will seek forfeiture as part of any sentence in accordance with 18 U.S.C. § 924(d), 21 U.S.C. § 853(p), 26 U.S.C. § 5872(a), and 28 U.S.C. § 2461(c), in the event of the defendant's conviction under Count One and Count Two of this Information.

### Firearms Forfeiture

2. Upon conviction of the offenses set forth in Count One and Count Two of this Information, the defendant,

**CLARK EUGENE THOMAS,**

shall forfeit to the United States, pursuant to 18 U.S.C. § 924(d), 26 U.S.C. § 5872(a), and 28 U.S.C. § 2461(c), any firearms and ammunition involved in the offenses, including, but not limited to, the following firearms seized from the Defendant's residence in Maryland on May 15, 2020: (1) a sawed-off rifle with no visible serial number, (2) a New England Firearms 12-gauge shotgun bearing serial number NV256538, (3) a Western Auto Supply Revelation 220A rifle bearing serial number 13303, (4) a Western Field M650C shotgun bearing serial number D36220A, (5) a Winchester shotgun bearing serial number 435212, (6) a Remington 1100 shotgun bearing serial number M845532V, (7) a New England Firearms Pardner shotgun bearing serial number NX512529, and (8) a Stoeger P350 shotgun bearing serial number 520230.

### Substitute Assets

3. If, as a result of any act or omission of the defendant, any of the property described above as being subject to forfeiture:

      a.      cannot be located upon the exercise of due diligence;

      b.      has been transferred or sold to, or deposited with, a third person;

      c.      has been placed beyond the jurisdiction of the Court;

      d.      has been substantially diminished in value; or,

      e.      has been commingled with other property which cannot be subdivided without difficulty,

the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), shall be entitled to forfeiture of substitute property up to the value of the forfeitable property described above.

18 U.S.C. § 924(d)
21 U.S.C. § 853(p)
26 U.S.C. § 5872(a)
28 U.S.C. § 2461(c)

Date: October 21, 2020

Robert K. Hur
United States Attorney